UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 21-cr-168 (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Marlow Ramsey Carson, | |
| Defendant. | |

---

Harry Jacobs and Samantha Heather Bates, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Eric Hawkins, Hawkins Law Office, P.A., 3201 Hennepin Avenue South, Minneapolis, MN 55408 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 14);

2. Defendant's Motion for Disclosure of 404(b) Evidence (ECF No. 16);

3. Defendant's Motion for Government Agents to Retain Rough Notes (ECF No. 17); and

4. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G) (ECF No. 18).

These motions were scheduled to be heard by the undersigned on October 1, 2021. (ECF No. 12 at 3.) The parties subsequently agreed that the hearing be canceled, and the motions be decided on the papers. (ECF No. 20.) The hearing was stricken, and the

motions were taken under advisement. (ECF No. 21.) Based upon the record and memoranda, **IT IS HEREBY ORDERED** as follows:

1. Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 (ECF No. 14) is **GRANTED**.

This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. There was no objection by Defendant to the Government's motion, including the Government's proposed deadlines for the disclosure of expert witnesses. As discussed below, however, *see infra* ¶ 4, Defendant requests that production of expert witness information "be ordered to take place forthwith," but also requests disclosure of this information 60 days prior to trial. (ECF No. 18 at 1.)

Consistent with the Government's proposal (*see* ECF No. 14 at 4), no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C); *see also infra* ¶ 4.

2. Defendant's Pretrial Motion for Disclosure of 404(b) Evidence (ECF No. 16) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests the Court order the Government to disclose all "bad act" or "similar course of conduct" evidence it intends to introduce at trial pursuant to Rule 404 of the Federal Rules of Evidence 60 days before trial. (ECF No. 16 at 1.) Defendant further asks the Court to order the Government "to identify the witnesses through whom such evidence will be presented at trial." (*Id.*) The Government acknowledges its obligations

under Rule 404(b) but objects to the 60 day notice timeline. (Gov't's Resp. to Def.'s Pretrial Mots. ("Gov't's Resp.") at 1, ECF No. 19.) It recommends that the Court order these disclosures be made no later than 21days before trial. (*Id.* at 2.)

Rule 404(b) requires the Government to provide reasonable notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Moreover, Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

Therefore, consistent with the Government's proposal, no later than 21 days prior to trial, the Government shall provide "reasonable notice" of all "extrinsic" evidence then

3

known to the Government that the Government intends to offer within the purview of Fed. R. Evid. 404(b).  Defendant's motion is otherwise denied.  If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery.  *See* Fed. R. Evid. 404(b)(3)(C).

3. Defendant's Motion for Government Agents to Retain Rough Notes (ECF No. 17) is **GRANTED**.

Defendant requests an order directing that all law enforcement agents retain and preserve all rough notes taken as part of their investigation "whether or not the contents of such rough notes are incorporated as official records." (ECF No. 17 at 1.)  The Government does not object to the retention of rough notes but opposes their disclosure.  (Gov't's Resp. at 3-4.)

Defendant's request for the retention of rough notes is granted.  To the extent that it has not already done so, the Government shall direct its agents to preserve any rough notes and evidence pertaining to this matter.

4. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G) (ECF No. 18) is **GRANTED IN PART** and **DENIED IN PART**.

Defendant seeks expert witness information subject to disclosure under Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure.  (*See generally* ECF No. 18.) Defendant both requests that this information be disclosed "60 days prior to trial" and "forthwith."  (*Id.* 18 at 1.)  The Government acknowledges its obligations imposed by Rule 16(a)(1)(G) and states it will comply with those obligations and any deadline set by the Court regarding expert disclosures.  (Gov't's Resp. at 4.)  It objects to any request for

information outside the scope of Rule 16(a)(1)(G), requests a reciprocal expert disclosure deadline, and requests that disclosures be made 30 days prior to trial. (*Id.*)

Defendant's motion is granted in part to the extent that he seeks responsive information subject to disclosure under Rule 16(a)(1)(G), and the Government shall comply with their obligations imposed by this rule. To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a)(1)(G), his motion is denied. Finally, given the ambiguous nature of Defendant's proposed disclosure deadline and lack of any reasoning for initial disclosures 60-plus days before trial, the Court orders that no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G); *see also supra* ¶ 1.

5. All prior consistent orders remain in full force and effect.

6. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: October  12 , 2021               *s/Tony N. Leung*
                                       Tony N. Leung
                                       United States Magistrate Judge
                                       District of Minnesota

                                       *United States v. Carson*
                                       Case No. 21-cr-168 (DWF/TNL)